# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KWANG-WEI HAN, | CASE NO. 10CV1291 JLS (BLM) |
| --- | --- |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| D. LA MORA, et al., | (ECF No. 22.) |
| Defendants. | |

Presently before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. (Mot. to Dismiss, ECF No. 22.) Also before the Court is Plaintiff's opposition, (Opp'n, ECF No. 25), and Defendants' reply, (Reply, ECF No. 26). After consideration, the Court **GRANTS** Defendants' motion.

Plaintiff alleges that on March 1, 2009, several Metropolitan Transit System (MTS) security guards harassed him while he was sitting in his parked van in an MTS parking lot. (First Amended Complaint (FAC) 2, ECF No. 19). Plaintiff asserts that the guards pounded on his parked van in violation of his Fourth and Fourteenth Amendment rights. (FAC 1, 2.) Moreover, the guards allegedly failed to accommodate his disabilities in violation of the Americans with Disabilities Act. (*Id.*)

Plaintiff's complaint fails to state a cause of action on which he can recover because he failed to comply with California's Government Claims Act. The Government Claims Act requires

1  that a tort claim against a public entity or its employees be presented to the entity no more than six
2  months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.
3  Moreover, the facts underlying each cause of action in Plaintiff's complaint must have been fairly
4  reflected in a timely claim presented to the MTS. *See Stockett v. Ass'n of Cal. Water Agencies*
5  *Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004).

6      Plaintiff here did not timely present the causes of action asserted in his first amended
7  complaint to the MTS. The only claim form before this Court was filed on December 9, 2009.
8  (Exhibit A, ECF No. 22-1.) It presents a claim to the MTS arising out of incidents occurring on
9  June 25, 2009, not March 1, 2009. (*Id.*) And that claim was for malicious prosecution, not
10 constitutional or ADA violations. (*Id.*) Moreover, even if the claims presented to the MTS were
11 the same as those asserted in Plaintiff's first amended complaint, the claims were presented more
12 than six months after the cause of action accrued. The alleged injuries occurred on March 1, 2009,
13 and the MTS claim was not filed until December 2009. (*Id.*)

14     Plaintiff failed to comply with the Government Claims Act. And "[a] plaintiff's failure to
15 allege facts demonstrating or excusing compliance with the claims presentation requirement
16 subjects a claim against a public entity to dismissal for failure to state a claim." *Sanwal v. County*
17 *of Sacramento*, 2011 WL 2580409, at *7 (E.D. Cal. June 28, 2011) (internal quotations and
18 citations omitted). The Court therefore **DISMISSES** Plaintiff's first amended complaint. Any
19 amended complaint **SHALL** be filed by August 15, 2011.

20     **IT IS SO ORDERED.**

22 DATED: July 26, 2011

23                                        Honorable Janis L. Sammartino
24                                        United States District Judge